**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LABORERS' PENSION FUND and ) <br> LABORERS' WELFARE FUND OF THE ) <br> HEALTH AND WELFARE DEPARTMENT ) <br> OF THE CONSTRUCTION AND GENERAL ) <br> LABORERS' DISTRICT COUNCIL OF ) <br> CHICAGO AND VICINITY, and JAMES S. ) <br> JORGENSEN, Administrator of the Funds, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CHICAGO ASPHALT PATCHING, INC., ) <br> ) <br> Defendant. ) <br> ) | Case No. 11 C 7951 <br><br> Judge John Z. Lee <br><br> Magistrate Judge Finnegan |

**PLAINTIFFS' MOTION FOR PROVE UP OF DAMAGES**

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity and James S. Jorgensen (collectively the "Funds"), pursuant to Rule 55 of the Federal Rules of Civil Procedure, by their attorneys, move for Judgment of Damages in Sum Certain against defendants Chicago Asphalt Patching, Inc. (hereinafter the "Company"). In support of this Motion, plaintiffs, by their attorneys state:

1. On November 8, 2011, plaintiffs filed a complaint under Sections 502(e)(1) and (2) of the Employee Retirement Income Security Act, as amended, 29 U.S.C. §1132(e)(1) and (2); Section 301(a) of the Labor Management Relations Act, as amended, 29 U.S.C. §185(a); and 28 U.S.C. §1331 alleging that at all material times the defendant has an obligation, arising from a collective bargaining agreement to make contributions to plaintiffs' Funds, to submit to an audit

upon demand and to obtain and maintain a surety bond. In this Complaint, plaintiffs specifically alleged that defendant failed to report and pay contributions from June 16, 2011 to the present. Plaintiffs requested relief included producing books and records for an audit upon plaintiffs' request.

2. The Company's Registered Agent and President, Mark Hoffman, was personally served with the summons and complaint on November 29, 2011, and the Company failed to answer. Plaintiffs attached proof of service to the plaintiffs' Motion For Default And To Compel An Audit. (Dk. #12).

3. On March 23, 2012, the Court granted plaintiffs' Motion for Default and to Compel an Audit, and ordered defendant to submit to an audit as required by the Collective Bargaining Agreement that Company president, Mark Hoffman, signed on June 16, 2011, and which was attached to the Complaint. (Dk. #1)

4. On April 4, 2012, a copy of the Court's order was personally served upon Mr. Hoffman, at his residence at 1888 N. Trevino Trail, Vernon Hills, Illinois by special process server. Mr. Hoffman failed to comply with the Court's order to submit to an audit and to contact plaintiffs' counsel, Sara S. Schumann. The proof of service was filed with plaintiffs' Motion for a Rule to Show Cause. (Dk. #16)

5. On May 3, 2012, the Court ordered Mr. Hoffman to appear on May 24, 2012 to show cause why he should not be held in contempt of court. The Court's order to appear was personally served on Mr. Hoffman who did appear before the Court as ordered, on May 24, 2012, at which time he agreed to comply with the Court's previous order to compel an audit of his Company's books and records. (Dk. #20)

6. As established by the Laborers' Field Representative, John Bronson, the Company of

Richard J. Wolf And Company, Inc. ("Wolf"), was selected to perform a review of the Company's books and records for the period between June 16, 2011 through March 31, 2012 for the Funds. (See attached, Exhibit C, Bronson Affidavit at ¶4). Wolf's audit report, dated July 27, 2012, shows that the Company owes $53,426.77 in contributions, which includes $2,976.04 in unpaid union dues. (See Exhibit A, Audit Report).

5. According to the Collective Bargaining Agreement and the Trust Agreements to which the defendant is bound, payment is also owed for liquidated damages in the amount of twenty (20) percent of the unpaid or late contributions to the Welfare, Pension, and Training funds, and ten (10) percent of the principal amount of delinquent contributions to the LDCLMCC, ISPA and LECET funds, and for Union dues. As such, liquidated damages are owed in the amount of $9,927.07 to the Welfare, Pension and Training funds, liquidated damages are owed in the amount of $379.14 to LDCLMCC, ISPA and LECET funds and Union Dues Fund. Additionally, interest is calculated at twelve (12) percent and is owed for all delinquencies excluding union dues. To date, $4,340.50 is owed in accumulated interest to date. (See Exhibit B, The Funds' Audit Summary Spreadsheet Report; Exhibit C, Bronson Affidavit at ¶5).

6. The defendant is also obligated to pay $600.00 for the cost of the audit based on the respective Trust Agreements to which it is bound. (See Exhibit A, Audit Report; Exhibit B, The Funds' Audit Summary Spreadsheet Report; Exhibit C, Bronson Affidavit at ¶4).

7. Additionally, plaintiffs are entitled to attorneys' fees and costs under ERISA, 29 U.S.C.§1132(g)(2)(B). The attached affidavit of Sara Stewart Schumann establishes the amount of attorneys' fees incurred in this matter are $7,190.00 and $610.00 in costs, which consists of service of process and filing fees. (See Exhibit D, Schumann Affidavit, and Exhibit 1, Attorney fee report).

8.    On July 30, 2012, plaintiffs' counsel sent the auditor's report to the Company with a demand letter for the amounts due per the audit. This letter requested that the Company contact plaintiffs' counsel by August 10, 2012 with any objections (if any) to the audit report, so that the Funds could give any objections due consideration. The Company failed to respond to this letter. However, plaintiffs' counsel contacted the Company's president, Mark Hoffman, by telephone on August 9th and 10th to discuss the audit findings, and again, by telephone on August 20th and 27th to discuss possible payment options. To date, the Company has failed to submit its monthly reports and payments as required by the Collective Bargaining Agreement, and it has failed to remit payment to the Funds per the audit findings.

**WHEREFORE,** plaintiffs request that the Court enter a judgment order for damages in a total amount of $76,473.48 to be entered against the defendant, Chicago Asphalt Patching, Inc., and in favor of the Funds. Further, plaintiffs request that this Court order defendant to comply with its obligation to report hours of covered employees on a monthly basis and pay current contributions as they become due as required under the collective bargaining agreements and that, within 90 days of the date of the order, provide written proof that it has obtained a surety bond to plaintiffs' counsel, Sara S. Schumann, Esq., Allison, Slutsky & Kennedy, P.C., 230 W. Monroe Street, Suite 2600, Chicago, IL 60606.

                                            Respectfully submitted,
                                            /s/ Sara S. Schumann
                                            One of plaintiffs' attorneys

Karen I. Engelhardt
Sara S. Schumann
ALLISON, SLUTSKY & KENNEDY, P.C.,
230 W. Monroe Street, Suite 2600
Chicago, IL 60606
(312) 364-9400
August 29, 2012